**Patrick EJEDAWE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 04–74598, 06–72047.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed June 13, 2007.

Patrick Ejedawe, Eloy, AZ, pro se.

Walter T. Johnson, Esq., Nixon Peabody LLP, San Francisco, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Joanne E. Johnson, Esq., Melissa Neiman–Kelting, John Battaglia, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and BENITEZ,* District Judge.

---

* The Honorable Roger T. Benitez, District Judge for the Southern District of California, sitting by designation.

MEMORANDUM **

Petitioner Patrick Ejedawe is an alien convicted of two separate aggravated felonies, which are both fraud-related convictions exceeding one million dollars in total loss. Petitioner seeks review of two separate orders of the Board of Immigration Appeals ("BIA"). The orders upheld an Immigration Judge's ("IJ") denial of Petitioner's requests for withholding of removal and relief under the Convention Against Torture ("CAT"), as well as, the denial of Petitioner's claim that he was a United States national. The IJ's denial of withholding of removal and CAT relief was based on Petitioner's failure to demonstrate that he would suffer persecution and/or torture if returned to his homeland. The denial was not explicitly based on Petitioner's aggravated felony status.

We have jurisdiction under 8 U.S.C. § 1252. *See Unuakhaulu v. Gonzales,* 416 F.3d 931, 936 (9th Cir.2005) (the jurisdiction-stripping provision in § 1252(a)(2)(C) is inapplicable when the IJ does not rely on the aggravated felony conviction as the basis for denying Petitioner's application for withholding of removal and CAT relief). When the BIA incorporates the conclusions of the IJ in rendering its own decision, we review both the BIA's decision and the IJ's rationale to the extent that it is incorporated in the BIA's decision. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). Reviewing for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petitions for review.

Petitioner is a citizen and native of Nigeria. He filed an application for naturalization, but the application was later dismissed for failure to submit documentation regarding the disposition of a prior arrest. The filing of an application for naturalization does not change an applicant's immigration status from an alien to that of a national because, under the Immigration and Nationality Act ("INA"), a person may become a "national of the United States only through birth or naturalization." *See Perdomo–Padilla v. Ashcroft,* 333 F.3d 964, 965 (9th Cir.2003), *cert. denied,* 540 U.S. 1104, 124 S.Ct. 1041, 157 L.Ed.2d 887 (2004). Petitioner's claim that he is a United States citizen is therefore without merit.

An adverse credibility determination was made against the Petitioner as part of the IJ's overall merit assessment of Petitioner's claims. In affirming this determination, the BIA noted that although Petitioner's testimony was consistent with his application, any rational person would place his credibility in issue because he committed numerous instances of fraud. The BIA correctly determined that the IJ "appropriately gave the applicant's testimony little weight, particularly given the applicant's propensity for fraud and the lack of corroborative evidence." *See Unuakhaulu,* 416 F.3d at 938 (IJ's adverse inference based on credit card fraud conviction, as well as, meager, nonspecific, uncorroborated testimony constituted an explicit adverse credibility determination).

Petitioner's requests for withholding of removal and relief under CAT were properly denied because he failed to establish that it is more likely than not he would be persecuted and or tortured. *Id.* at 937–939.

Finally, Petitioner's motion to reopen his prior removal proceedings was also prop-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

erly denied because it was untimely. *See* 8 C.F.R. § 1003.23(b)(4)(ii).

PETITIONS FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.