**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK EJEDAWE, a.k.a. Patrick Elliot, a.k.a. Patrick Omo, | Nos. 08-71826 09-72543 |
| Petitioner, | Agency No. A027-918-837 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of an Order of the
Immigration Judge and an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

In these consolidated petitions for review, Patrick Ejedawe, a native and

citizen of Nigeria, petitions pro se for review of an immigration judge's ("IJ") final

order of removal and the Board of Immigration Appeals' ("BIA") order denying

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny in part and dismiss in part both petitions for review.

In No. 08-71826, Ejedawe fails to raise any contentions concerning the IJ's June 6, 2000, removal order and has therefore waived any challenge to that order. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). To the extent Ejedawe seeks to challenge the BIA's March 23, 2006, removal order through this petition for review, we lack jurisdiction to review his contentions. *See Andia v. Ashcroft*, 359 F.3d 1181, 1183 n.3 (9th Cir. 2004) (per curiam); *Ejedawe v. Gonzales*, 234 F. App'x 594 (9th Cir. 2007).

In No. 09-72543, the BIA did not abuse its discretion by denying Ejedawe's second motion to reopen where the motion was untimely, *see* 8 C.F.R. § 1003.2(c)(2), and Ejedawe failed to establish changed circumstances in Nigeria to qualify for an exception to the filing deadline, *see id.* § 1003.2(c)(3)(ii). Ejedawe's contentions that the BIA applied an incorrect legal standard in ruling on his motion to reopen, made an improper adverse credibility determination, failed to consider his country conditions evidence, and failed to consider all of his claims for relief are not supported by the record. Finally, we lack jurisdiction to review

the BIA's decision not to reopen Ejedawe's proceedings sua sponte. *Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**